UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD SANDERSON                                    CIVIL ACTION

VERSUS                                               NO. 13-739-BAJ-RLB

CARL A. WILLIAMS AND
PROGRESSIVE INSURANCE COMPANY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 3, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD SANDERSON                                       CIVIL ACTION

VERSUS                                                  NO. 13-739-BAJ-RLB

CARL A. WILLIAMS AND
PROGRESSIVE INSURANCE COMPANY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on a referral from the district judge of the plaintiff's Motion to Remand. (R. Doc. 3). The motion is opposed by defendant Carl A. Williams ("Williams") and defendant Progressive Insurance Company ("Progressive") (collectively, "defendants").[1] (R. Doc. 5). The sole issue presented in the Motion to Remand is whether the parties are completely diverse for purposes of jurisdiction under 28 U.S.C. § 1332.

### I.    Background

On October 9, 2013, the plaintiff, Richard Sanderson, filed suit in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana. (R. Doc. 1-3 at 1-4, "Petition"). The plaintiff alleges that on or about June 25, 2013, he was stopped in a vehicle at the intersection of "Bonnabal" and "West Esplanade." Petition, ¶ IV. Suddenly and without warning, defendant Williams made an illegal right turn from the left lane onto West Esplanade and collided with the vehicle containing the plaintiff, causing him to suffer ongoing injuries. Petition, ¶¶ VI-VIII. The plaintiff was transported to the emergency room for treatment and alleges that certain categorical damages were suffered as a result of the accident. Petition, ¶¶ IX-X.

---

[1] Defendant Williams identifies himself as "Karl A. Williams" and asserts that he has been improperly named in the Petition. Defendant Progressive identifies itself as "Progressive Mountain Insurance Company" and asserts that it has been improperly named in the Petition. (R. Doc. 5).

1

Specifically, plaintiff claims entitlement to the following damages:

1. Past, present, and future pain and suffering;
2. Past, present, and future medical expenses;
3. Past, present, and future loss of enjoyment of life;
4. Past, present, and future loss of earning capacity;
5. Disability causing additional damages and possible need for surgery;
6. Property damage and loss of use; and
7. Any and all other damages which may be proven at trial.

Petition, ¶ X.

The petition alleges that the amount in controversy exceeds the amount required for a trial by jury. Petition, ¶ XII. No specific injuries are alleged in the Petition. The Petition alleges that defendant Williams is "a resident of the City of Donaldsonville, State of Louisiana." Petition, ¶ I.

On November 14, 2013, defendants Williams and Progressive filed a Notice of Removal asserting that the court has diversity jurisdiction over the state court action under 28 U.S.C. § 1332. (R. Doc. 1). The Notice of Removal states that the plaintiff "allegedly sustained a crushed clavical [sic] with possible surgery, and past, present, and future pain and suffering, medical expenses, loss of enjoyment of life, loss of earning capacity, and loss of use." (R. Doc. 1-1 at 2). The defendants conclude that the amount in controversy exceeds the sum or value required for diversity jurisdiction. (R. Doc. 1-1 at 2).

With respect to citizenship of the parties, the Notice of Removal states that plaintiff Sanderson "is a resident of the State of Louisiana," defendant Williams "is a resident of the State of Georgia," and defendant Progressive is a "foreign insurance company . . . with its principal place of business in the State of Georgia."

**II.     Arguments of the Parties**

In support of remand, plaintiff argues he is not diverse from the defendants because according to the plain language of the Petition – "Plaintiff unequivocally averred Williams is 'a resident of the City of Donaldsonville, State of Louisiana." (R. Doc. 3-1 at 1-2). Plaintiff further argues that because both the plaintiff and a defendant "have been identified as residents of the State of Louisiana" removal is precluded. (R. Doc. 3-1 at 1-2).[2] In support, plaintiff attaches a Uniform Motor Vehicle Traffic Crash Report that identifies defendant Williams with a Louisiana Driver's license and an address in Donaldsonville, LA. (R. Doc. 3-2 at 2).

In opposition, the defendants argue that defendant Williams is a permanent resident alien domiciled in the State of Georgia. (R. Doc. 5 at 1). Defendant Williams has provided an affidavit stating that he is a citizen of Jamaica living as a permanent resident alien in the United States since 1990 and that he is domiciled in Georgia. (R. Doc. 5-2). He further avers that his vehicles are titled in Georgia, he has a policy of insurance on a recreational vehicle in Georgia, that he receives mail at his address in Georgia, has personal effects at the address in Georgia, and that he spends his time when not working in Georgia where his wife visits him from Jamaica. (R. Doc. 5-2). He also states that he only has a Louisiana Commercial Driver's License because he was working in Louisiana and was told by the police that he needed a Louisiana license.

---

[2] The court notes that allegations of "residence" of the parties contained in the Petition as well as in the Notice of Removal is insufficient for the exercise of jurisdiction. A party must allege the citizenship (or domicile) rather than mere residence of an individual; and a person is a "citizen" of the state in which he or she is domiciled. *See* 28 U.S.C. § 1332(a)(1) (jurisdiction requires *citizens* of different states); 28 U.S.C. § 1332(a)(2) (jurisdiction between a *citizen* of a state and citizens or subjects of a foreign state as long as citizen of foreign state is not lawfully admitted for permanent residence in the United States and *domiciled* in the same state). A person residing in a given state is not necessarily domiciled there and thus is not necessarily a citizen of that state. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003) ("Mere presence in a new location does not effect a change of domicile") (citation omitted). Although the Petition and Notice of Removal only discuss residence, the arguments and supporting documents, including a sworn affidavit, from the Motion to Remand and the defendants' Opposition both involve allegations of citizenship and domicile sufficient for the court to determine whether diversity of citizenship is present.

**III.    Law & Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

As the removing party, the defendant has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the parties are diverse"). A party invoking diversity jurisdiction must properly allege the citizenship of all parties and show that there is complete diversity.

The parties do not dispute the citizenship of the plaintiff or defendant Progressive. The parties disagree, however, on how to determine the citizenship of defendant Williams. If defendant Williams is domiciled in Louisiana, then complete diversity does not exist and this case must be remanded back to state court.

4

Pursuant to 28 U.S.C. § 1332(a)(2):

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

Plaintiff argues that the parties are not completely diverse because defendant Williams has a Louisiana Driver's License and provided an address in Donaldsonville, Louisiana. This evidence does support a conclusion that defendant Williams has a residence in Louisiana and is present here for purposes of his engagement in commercial trucking. Courts have considered a driver's license as evidence of an individual's domicile. *See Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (place where litigant has driver's license is a factor to shed light on intention to establish domicile).

The driver's license was issued on April 29, 2013. (R. Doc. 5-2 at 6). This is less than two months before the vehicle accident at issue. Defendant Williams states in his affidavit that he only obtained the license because he was working as a commercial truck driver in Louisiana "for several months." (R. Doc. 5-2 at 2). He has provided ample evidence, in the form of his sworn affidavit and supporting documentation, which support his position that he is domiciled in Georgia despite any physical presence in Louisiana at the time of the accident. (R. Doc. 5-2) (maintains a residence in Georgia, wife visits him in Georgia, vehicles titled and registered in Georgia, insurance policy in Georgia, continues to receive mail and has personal effects in Georgia, returns to Georgia when not working, and swears in affidavit that his domicile is in

5

Georgia). The commercial auto insurance policy in effect at the time of the accident at issue reflects an address in Georgia for defendant Williams. (R. Doc. 5-2 at 11).

Based on the evidence submitted, the court finds that defendant Williams, a permanent resident alien residing in the United States, has established a domicile in the State of Georgia for purposes of diversity jurisdiction. The court has also considered whether the evidence shows that this domicile was changed or abandoned when he began work in Louisiana. A person's domicile persists until a new one is acquired or it is clearly abandoned. "There is a presumption of continuing domicile that applies whenever a person relocates." *Acridge*, 334 F.3d at 448. "A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely . . . or, as some courts articulate it, the absence of any intention to go elsewhere." *See Coury*, 85 F.3d at 250 (citations omitted). A variety of factors may be considered in determining a litigant's domicile and no single factor is determinative. *Id.* at 251. "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id.* (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985).

The court finds that the evidence establishes that defendant Williams has not changed his domicile to Louisiana and it remains in Georgia. Both his sworn statements as well as the objective facts presented to the court establish his intent to maintain Georgia as his domicile. Although he has relocated to Louisiana for the apparent limited purpose of employment as a commercial trucker, there is no indication of any intent to remain indefinitely in Louisiana. To the contrary, the evidence shows the opposite – an affirmative intent to maintain his domicile in Georgia.

**IV.**    **Conclusion**

For the foregoing reasons, because the parties do not dispute that the plaintiff is a citizen of Louisiana, and the court finds that neither defendant is a citizen or domiciled in Louisiana, diversity of citizenship is present.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand (R. Doc. 3) be **DENIED**.

Signed in Baton Rouge, Louisiana, on June 3, 2014.

                            **RICHARD L. BOURGEOIS, JR.**
                            **UNITED STATES MAGISTRATE JUDGE**